[*Special Term*, 1870.]

BAKER *v.* SCOVILL, BREED, ET AL.

On a motion to exclude numerous exhibits referred to and marked as exhibits, but not actually attached to the bill of exceptions.

*Held,* that as the reference was sufficient to identify them as part of the bill, the motion should be overruled.

*Challen,* plaintiff.

*King, Thompson & Avery,* for defendants.

*King,* for the plaintiff, moves to exclude all the exhibits which are numerous, and which are not attached to the bill of exceptions.

TAFT, J. The motion is made on the authority of *Busby* v. *Finn*, 1 Ohio St. 409, where it is held that exhibits must either be actually attached, or be so definitely and particu-

larly referred to as to be identified by the clerk in making up the record.

Here are great numbers of papers referred to as marked and numbered, though not actually attached. They are all exhibits, accompanying the report of the master, which were before the court at Special Term as part of the report.

By the act establishing the Superior Court of Cincinnati, 1 S. & C. 390, sec. 17, the proceedings to obtain a reversal, vacation, or modification shall be by petition, to be entitled " petition in error," " and shall be the same as those by the code of civil proceedings upon petitions in error, except that it shall not be necessary to file with the petition a transcript of the proceedings, as required by section 517 of the Code; *but the petition in error shall be heard upon the original files, pleadings, and proceedings.* And the said Superior Court, at a general term thereof, shall have the power to render such judgment as should have been rendered at special term, or remove the cause to the special term for judgment, and upon such judgment execution may issue, as upon original judgments."

It would seem that, under this provision, these exhibits are as proper for our consideration in General Term, as they were at the first hearing at Special Term.

Perhaps it is not necessary that we should trouble ourselves as to what would go to the Supreme Court on a petition in error filed in that court.

But we are inclined to the opinion that the greater part, if not all, of these documents accompanying the master's report are sufficiently referred to, to enable the court to identify them with sufficient certainty. It is admitted that if the reference had stated the numbers of pages, it would have identified them sufficiently. But there are other means of identification as reliable as that.

These documents are each described and marked by the master, and the contents are so described as to leave us in no reasonable doubt of the identity of the document intended; and no imposition could be practiced.

The motion is overruled.